**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| MICHELLE BAKER-DUBBS,<br>              Appellant, | DOCKET NUMBER<br>DC-0752-19-0027-I-1 |
| v. | |
| FEDERAL DEPOSIT INSURANCE<br>     CORPORATION,<br>              Agency. | DATE: July 11, 2024 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Richard L. Swick, Esquire, Washington, D.C., for the appellant.

Thomas J. Sarisky, Esquire, and Matthew A. Rizzo, Esquire, Arlington, Virginia, for the agency.

### BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member*

*Member Kerner did not participate in the adjudication of this appeal.

### FINAL ORDER

The appellant has filed a petition for review of the initial decision, which affirmed her demotion. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED to VACATE the administrative judge's statement that the appellant's representative made an inaccurate representation during the hearing, we AFFIRM the initial decision.

## BACKGROUND

The appellant was employed by the agency as a Corporate Graded (CG)-14 Senior Ethics Program Specialist with its Office of General Counsel. Initial Appeal File (IAF), Tab 9 at 27. On June 27, 2018, the agency proposed to remove the appellant based on charges of inappropriate conduct and misuse of duty time. IAF, Tab 6 at 61-65. Effective September 30, 2018, the agency sustained both charges and demoted the appellant to the position of a CG-12 Board Support Specialist. IAF, Tab 4 at 26-28, Tab 20 at 46. The charges stemmed from the appellant's actions of repeatedly performing some of her father's duties as an agency Contract Specialist between September and December 2017. IAF, Tab 6 at 61-64.

This appeal followed. IAF, Tab 1. After holding a hearing, Hearing Transcript (HT), the administrative judge found that the agency proved its charges and specifications, as well as nexus, IAF, Tab 25, Initial Decision (ID)

at 5-15.  He further found that the appellant failed to establish her affirmative defense of retaliation for her father's protected equal employment opportunity activity, ID at 15-18, and that the agency showed that the demotion penalty was within the bounds of reasonableness, ID at 19-21.  He therefore affirmed the appellant's demotion.  ID at 21.

The appellant has filed a petition for review, arguing that the administrative judge prevented her from introducing evidence regarding her affirmative defense and that the penalty was unreasonable.  Petition for Review (PFR) File, Tab 1 at 6-12.  The appellant also challenges the administrative judge's finding that her representative made a misrepresentation during the hearing.  *Id*. at 10-11, 10 n.6. The agency has filed a response opposing the petition, and the appellant has filed a reply.  PFR File, Tabs 3-4.

## DISCUSSION OF ARGUMENTS ON REVIEW

The appellant does not challenge the administrative judge's finding that the agency proved both charges and all supporting specifications, and that a nexus exists between the charges and the efficiency of the service.  After reviewing the initial decision, which included demeanor-based credibility determinations against the appellant, we see no reason to disturb those findings.  ID at 5-15; *see Haebe v. Department of Justice*, 288 F.3d 1288, 1301 (Fed. Cir. 2002) (stating that the Board must give deference to an administrative judge's credibility determinations when they are based, explicitly or implicitly, on the observation of the demeanor of witnesses testifying at a hearing; the Board may overturn such determinations only when it has "sufficiently sound" reasons for doing so). Accordingly, we find that the agency has established both that the appellant engaged in the charged misconduct and nexus.

<u>The appellant failed to establish that the administrative judge erred by precluding her from introducing some evidence regarding her affirmative defense.</u>

The appellant argues on review that the administrative judge erred by precluding her from calling an agency Labor-Employee Specialist as a witness in support of her affirmative defense and then also precluding her from introducing into the record his deposition. PFR File, Tab 1 at 10-12. Below, when submitting her request to call the Labor-Employee Specialist as a witness at the hearing, the appellant proffered that he was "expected to testify about the process and options available to the managers that led to the determination to [] propose to terminate appellant and then to demote her." IAF, Tab 19 at 8.

In his order and summary of the prehearing conference, the administrative judge denied the appellant's request to call the Labor-Employee Specialist as a witness because he found the proposed testimony to be irrelevant. IAF, Tab 21 at 4. The administrative judge noted, however, that the parties could ask him to reconsider his ruling "if they can demonstrate . . . that the proposed testimony is relevant to a material issue and/or to refute a material disputed fact." *Id*. at 4 n.4. The administrative judge's order and summary also provided that if either party had an exception to the summary, they had to file an objection within 5 days of the date of the order. *Id*. at 4.

In neither of the appellant's pleadings that followed did she object to the administrative judge's ruling. IAF, Tabs 22-23. Moreover, the appellant did not request that the administrative judge reconsider his ruling denying the Labor-Employee Specialist as a witness during or after the hearing, HT, and there is no indication in the record that the administrative judge ever precluded the appellant from submitting into evidence the Labor-Employee Specialist's deposition.

An administrative judge has wide discretion to control the proceedings, including the authority to exclude testimony he believes would be irrelevant, immaterial, or unduly repetitious. *Vaughn v. Department of the Treasury*,

119 M.S.P.R. 605, ¶ 12 (2013). The appellant's vague assertions on review fail to show that the Labor-Employee Specialist's testimony would have been relevant or material and that the administrative judge thereby abused his discretion by precluding him from testifying. PFR File, Tab 1 at 10-12; *see Vaughn*, 119 M.S.P.R. 605, ¶ 13. Because the appellant does not otherwise challenge the administrative judge's analysis of her claim of retaliation for her father's EEO activity, ID at 15-18, which included implicit demeanor-based credibility determinations, we affirm the administrative judge's conclusion in this regard.

<u>The agency proved that the imposed penalty was within the bounds of reasonableness.</u>

When the Board sustains an agency's charges, it will defer to the agency's penalty determination unless the penalty exceeds the range of allowable punishment specified by statute or regulation, or unless the penalty is so harsh and unconscionably disproportionate to the offense that it amounts to an abuse of discretion. *Batara v. Department of the Navy*, 123 M.S.P.R. 278, ¶ 5 (2016). That is because the employing agency, and not the Board, has primary discretion in maintaining employee discipline and efficiency. *Id*. The Board will not displace management's responsibility, but instead will ensure that managerial judgment has been properly exercised. *Id*. Mitigation of an agency-imposed penalty is appropriate only when the agency failed to weigh the relevant factors or when the agency's judgment clearly exceeded the limits of reasonableness. *Id*. The deciding official need not show that he considered all the mitigating factors, and the Board will independently weigh the relevant factors only if the deciding official failed to demonstrate that he considered any specific, relevant mitigating factors before deciding on a penalty. *Id*.

In his decision notice, the deciding official stated that he considered the appellant's misconduct to be "very serious in relation to [her] duties, position, and responsibilities." IAF, Tab 4 at 27. He also considered that the appellant took training which put her on notice of the agency's policies regarding the

protection of sensitive information. *Id*. The deciding official found that the appellant's minimization and rationalization of her misconduct suggested a poor potential for rehabilitation. *Id*. at 28. He considered, as mitigating factors, the appellant's 16 years of Federal service, satisfactory performance appraisals, and the fact that she was grieving the loss of her mother and her father was having health issues during the time period of her misconduct. *Id*. Upon weighing all the relevant factors, the deciding official determined that demoting the appellant and reassigning her out of the Ethics Unit would promote the efficiency of the service. *Id*. After reviewing the deciding official's analysis of the penalty, the administrative judge found that the agency properly considered the relevant aggravating and mitigating factors and agreed that the appellant's demotion was within the bounds of reasonableness.[2] ID at 19-21.

In assessing the reasonableness of a penalty, the Board places primary importance upon the nature and seriousness of the offense and its relation to the appellant's duties, position, and responsibilities, including whether the offense was intentional, frequently repeated, or for gain. *Batara*, 123 M.S.P.R. 278, ¶ 8; *Villada v. U.S. Postal Service*, 115 M.S.P.R. 268, ¶ 6 (2010), *overruled on other grounds by Singh v. U.S. Postal Service*, 2022 MSPB 15, ¶ 9. Here, during her own duty time, the appellant performed the unrelated work of another agency employee, her father. IAF, Tab 6 at 61-64; HT at 28 (testimony of the appellant); ID at 3, 5-14. In the process, the appellant inappropriately accessed the agency's secure Automated Procurement System, using her father's username and password, on 24 separate occasions. IAF, Tab 6 at 61-64; ID at 6. The appellant's actions were frequently repeated over a nearly 3-month period and were done for her father's benefit and to satisfy her obligations as a daughter. IAF, Tab 6 at 61-64; ID at 6, 13. She helped her father at all hours of the workday, often multiple times per day. IAF, Tab 6 at 14, 64; ID at 13 n.19.

---

[2] Despite the agency's decision to demote the appellant, the administrative judge also found that *removal* did not exceed the bounds of reasonableness. ID at 20-21.

Some of the appellant's duties and responsibilities as a Senior Ethics Program Specialist included training agency employees about some of the agency rules that she violated. IAF, Tab 7 at 67-72; ID at 11, 20. The appellant does not challenge any of these facts and findings as set forth in the initial decision. Under these circumstances, we find that the appellant's misconduct was serious, intentional, frequently repeated, and for gain.

The appellant argues that the proposing and deciding officials failed to consider the agency's table of penalties, which purportedly suggests a maximum penalty of a 20-day suspension for the two sustained charges. PFR File, Tab 1 at 7-9. This argument is not persuasive. The proposing and deciding officials stated that they considered the relevant *Douglas* factors.[3] IAF, Tab 4 at 27, Tab 6 at 64. The record contains a table of penalties for violations of agency policies related to the protection of agency data. IAF, Tab 23 at 4-5. For a first offense of accessing confidential agency information without authorization, the expected penalty was a letter of admonishment to a 10-day suspension, the expected penalty for a second offense was a 3-day suspension to removal, and the expected penalty for a third offense was a 14-day suspension to removal. *Id.* The same expected penalties were also detailed for a first, second, and third offense of using authorized access to confidential agency information for unauthorized purposes. *Id*. However, a footnote to the table of penalties explicitly provided that its purpose was only to highlight select data-related policy violations, and that it was not an exhaustive list of available disciplinary charges. *Id*. at 5 n.\*. Thus, although the appellant argues that the two listed offenses which she committed call for a combined maximum penalty of a 20-day suspension, her assertion does not take into account the non-data-related misconduct that she committed. Finally, an agency's table of penalties is merely a guide and is not mandatory unless the agency has a specific statement making the table mandatory

---

[3] In *Douglas v. Veterans Administration*, 5 M.S.P.R. 280, 305-06 (1981), the Board articulated a nonexhaustive list of factors, both aggravating and mitigating, that are relevant to the penalty determination in adverse action cases.

and binding rather than advisory. *Taylor v. Department of Veterans Affairs*, 112 M.S.P.R. 423, ¶ 10 (2009), *modified on other grounds by Lewis v. Department of Veterans Affairs*, 113 M.S.P.R. 657 (2010). Here, the footnote to the table of penalties explained that it is to be used "as guidance, not as a required standard," and provided that "deviations are allowable for a variety of reasons," including if an employee commits a violation that is "egregious," or if the employee "is being charged with multiple offenses at the same time." IAF, Tab 23 at 5 n.*. Accordingly, we find the appellant's argument to be unpersuasive.

The appellant also argues that the proposing and deciding officials failed to consider any precedent disciplinary cases.[4] PFR File, Tab 1 at 7. Specifically, the appellant asserts on review that "[i]t is hard to imagine the [a]gency had no prior disciplinary case precedents to consult," but she does not identify any potential comparators. *Id*. at 7 n.2. The consistency of the penalty with those imposed upon other employees for the same or similar offenses is one of a nonexhaustive list of 12 factors that are relevant for consideration in determining the appropriateness of a penalty. The Board should not attempt to weigh the relative seriousness of various offenses in order to determine whether two employees who committed different acts of misconduct were treated disparately. *Singh*, 2022 MSPB 15, ¶¶ 17-18. We find the appellant's speculation that there were comparators unavailing.

The appellant asserts that her misconduct had no negative impact upon her productivity or upon "data confidentiality." PFR File, Tab 1 at 9. However, the agency never cited the appellant's misconduct as negatively impacting either her productivity or "data confidentiality." IAF, Tab 4 at 27-28. The absence of such

---

[4] Although the administrative judge noted that the appellant was not raising a disparate penalty claim in the order and summary of prehearing teleconference, IAF, Tab 21 at 2 n.2, and she did not object to the administrative judge's statement, we consider her argument on review because it involves one of the *Douglas* factors.

aggravating factors is essentially neutral in this case and does not significantly impact the penalty analysis.

The appellant further argues that her demotion is "needlessly counter-productive" because a lesser penalty would suffice and her extensive skills and knowledge would be most effectively deployed in her CG-14 position. PFR File, Tab 1 at 9. We are not persuaded that this argument warrants a different outcome. Importantly, the deciding official found that the appellant could no longer be trusted in a position in the Ethics Unit and needed to be demoted to a position that required "less judgment, trust, independence, and integrity." IAF, Tab 4 at 28. In light of our decision to affirm the agency's finding that demotion is a reasonable penalty, we are not persuaded that further mitigation is warranted.

The appellant requests that the Board consider the profound impact that her demotion, with its accompanying loss of pay, will have upon her financially, now and during retirement. PFR File, Tab 1 at 9. We have considered this consequence, but it does not change our finding that the demotion penalty is reasonable under the circumstances.

Although not raised on review, we consider as mitigating, as did the deciding official, the appellant's 16 years of Federal service with satisfactory performance appraisals and several awards with the agency, as well as the fact that, during the period of her misconduct, she was grieving the loss of her mother and that her father was having health issues. IAF, Tab 4 at 28. But in light of the nature and seriousness of the appellant's misconduct and its relation to her position, we find that the deciding official reasonably concluded that demotion was a reasonable penalty. *See Cohen v. Internal Revenue Service*, 7 M.S.P.R. 57, 58, 61 (1981) (affirming the appellant's removal for eleven specifications of performing personal business during duty hours, considering that he occupied a position of trust with the agency, despite 13 years of service and his previously

unblemished record). Accordingly, we affirm the appellant's two-grade level demotion as within the bounds of reasonableness.[5]

## NOTICE OF APPEAL RIGHTS[6]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

---

[5] On review, the appellant's representative also challenges the administrative judge's statement that he made a misrepresentation during the hearing. PFR File, Tab 1 at 10-11, 10 n.6; ID at 16 n.20. We have reviewed the relevant portion of the hearing transcript, which reflects that the appellant and her representative were talking to the administrative judge at the same time. HT at 73-76. It appears from our review of the transcript that the representative was largely trying to clarify what had occurred in the appellant's father's lawsuit. *Id*. Under these circumstances, we vacate the administrative judge's statement in the initial decision.

[6] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

**(1) <u>Judicial review in general</u>**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) <u>Judicial or EEOC review of cases involving a claim of discrimination</u>**.  This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you</u>

receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[7] The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

---

[7] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017. The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

*Gina K. Grippando*

FOR THE BOARD: _____

Gina K. Grippando
Clerk of the Board

Washington, D.C.